UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL NORMAN, | ) | CASE NO. 1:14-cv-2374 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court are the objections of plaintiff, Carol Norman ("plaintiff" or "Norman") (Doc. No. 20 ["Obj."]), to the magistrate judge's Report and Recommendation (Doc. No. 19 ["R&R"]), which recommended that the Commissioner's decision to deny plaintiff's claim for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") be affirmed. The Commissioner has filed a response, relying upon the arguments in her original merits brief. (Doc. No. 21 ["Resp."].) The Court has conducted its *de novo* review of the two issues raised in the objections. Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, plaintiff's objections are overruled, the R&R is accepted, and the Commissioner's decision is affirmed.

## I. PROCEDURAL BACKGROUND

On August 22, 2011, Norman filed an application for POD and DIB alleging a disability onset date of September 21, 2009. (Doc. No. 15 (Transcript of Proceedings before the Social Security Administration ["TR"]) at 89.)[1] The application was denied initially and upon reconsideration. She timely requested a hearing before an Administrative Law Judge ("ALJ").

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

(*Id*. at 84.) On May 30, 2013, plaintiff appeared and testified at the hearing, represented by counsel. A vocational expert ("VE"), Deborah Lee, also testified. The ALJ issued a decision concluding that plaintiff was not disabled because she could perform her past relevant work ("PRW") "as a case worker as generally performed." (*Id*. at 97.) The Appeals Council denied plaintiff's request for review on August 29, 2014 (*Id*. at 77-79), making the ALJ's decision final. Plaintiff sought judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

The case was referred to the magistrate judge for a Report and Recommendation. The R&R, filed on January 4, 2016, concludes that there was substantial evidence supporting the Commissioner's finding of "not disabled" and recommends affirmance of that decision.

Plaintiff filed her objections, asserting that the R&R ignores her two basic arguments: (1) that she cannot return to her PRW as a case worker either as generally performed in the national economy or as she actually performed it based on the DOT's description and her work activities; and (2) that the ALJ misclassified her PRW as a case worker, because that title does not accurately describe the work she performed at Parmadale Residential Treatment Center. (Obj. at 586, citing Pltf.'s Brief at 547-550.)

## II. STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). It is "'such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley*, 39 F.3d at 117). If there is substantial evidence to support the Commissioner's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### III. DISCUSSION

As noted in the R&R, at her date last insured, Norman was 65 years old and, therefore, a "person of advanced age" under the Social Security regulations. She holds a bachelor's degree and, during the applicable time frame, worked as a licensed social worker. At the time of the hearing, she was working on an "as-needed" basis (about 15 hours per week) as an aide at Our Lady of the Wayside.

In the past, Norman had worked at Parmadale Residential Treatment Center and at Centers for Families and Children. She claims she is disabled from performing her PRW due to having had two total knee replacements, as well as suffering from back pain.

The VE who testified at the hearing classified plaintiff's work in two categories: DOT 195.107-010 (Caseworker)[2] and DOT 195.367-034 (Social-Services Aide). The ALJ posed the following hypothetical:

> I'm going to give you a hypothetical question and I'd like you to consider a person with the same age, education and past work as the claimant who is able to occasionally lift 10 pounds and frequently lift less than 10 pounds, is able to stand and walk four hours of an eight hour work day, is able to sit for six hours of an eight hour work day, push and pull would be limited in the bilateral lower extremities to no foot controls. This hypothetical individual can occasionally

---

[2] The DOT spells the job classification as one word, whereas the ALJ consistently used two. The Court has used the latter throughout this opinion.

>climb ramps and stairs, can never climb ladders, ropes or scaffolds and can never kneel, crouch or crawl. Would such a hypothetical individual be able to perform the claimant's past relevant work as those occupations are either generally or actually performed?

(TR at 130.) Based on that hypothetical, the VE determined that plaintiff could no longer perform work as a social services aide (which is performed at the "light" exertional level), but she could perform work as a case worker (which is generally performed at the "sedentary" exertional level). It is this latter determination that plaintiff now challenges.

Plaintiff asserts that the classification of her work at Parmadale as a "case worker" does not accurately describe her duties. In particular, she asserts that the ALJ ignored the fact that her entire career was concentrated on adolescents. The "case worker" position identified by the VE is generally classified as "sedentary," although the VE determined that, as performed by plaintiff, it was "medium," due to the job's requirement that she be able to restrain 200-lb. adolescents. Therefore, the VE concluded that plaintiff could perform the case worker job as generally performed, but not as actually performed.

Plaintiff argues that a review of the DOT reveals that both case worker and social worker positions dealing with *adolescents* are performed at the "light" exertional level. She points out that DOT 195.107-010 makes insufficient reference to adolescents and, in fact, refers to an associated job title of "Caseworker, Child Welfare" (DOT 195.107-014), which is generally performed at the "light" level. The ALJ determined that plaintiff has the residual functional capacity to perform less than the full range of sedentary work. (TR 96.) Therefore, according to plaintiff, a proper classification of her Parmadale job would render her unable to perform that PRW.

Plaintiff argues, in the alternative, that even if she falls within DOT 195.107-010, that job description includes a driving requirement, much like DOT 195.367-034. The VE ruled out her ability to still perform her PRW as a social services aide under the latter DOT classification (which requires driving and travel) due to the fact that she is "limited in the bilateral lower extremities to no foot controls." Plaintiff claims that the case worker job should be similarly ruled out.

"It is well-settled that in determining whether a claimant is disabled, an ALJ may rely on a vocational expert's response to a hypothetical question that accurately portrays a claimant's limitations and is consistent with the ALJ's express findings." *Holzworth v. Comm'r of Soc. Sec.*, No. 12-cv-12635, 2013 WL 4496251, at *9 (E.D. Mich. Aug. 21, 2013) (citing *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010)). "If a Vocational Expert testifies in response to a hypothetical question that precisely sets forth all the claimant's impairments, his response constitutes substantial evidence for a finding of either disability or nondisability." *Wibly v. Astrue*, No. 4:09CV1248, 2010 WL 2802713, at *5 (N.D. Ohio May 20, 2010) (citing *Maziarz v. Secretary of Health and Human Servs.,* 837 F.2d 240, 247 (6th Cir. 1988)), *report and recommendation adopted*, No. 4:09CV1248, 2010 WL 2802711 (N.D. Ohio July 14, 2010).

As a starting point, the Court notes that plaintiff did not challenge the hypothetical posed by the ALJ to the VE, either here or during the hearing. In addition, the Court independently concludes that the hypothetical accurately portrayed plaintiff's impairments. Therefore, the ALJ was entitled to rely on the VE's testimony in that regard.

Second, during the hearing, where plaintiff was represented by counsel, she also did not challenge the VE's testimony regarding her ability to perform her PRW as a case worker under DOT 195.107-010, which is generally performed at a sedentary exertional level. Here, she claims

that was an incorrect classification because it does not address her career concentration on adolescents. She claims she should be classified under DOT 195.107-114 (Caseworker, Child Welfare), which is generally performed at the light exertional level. This objection is readily overruled due to the fact that the alleged misclassification was never raised in any fashion during the hearing and was never otherwise pointed out to the ALJ. An ALJ has no "affirmative duty … to conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).

Plaintiff also argues, alternatively, that even if her PRW at Parmadale were properly classified under DOT 195.107-010, that job classification requires some driving, which rules her out due to her "no foot controls" limitation. DOT 195.107-010 provides, in relevant part, only that the person "[m]ay be required to visit clients in their homes or in institutions[,]" whereas DOT 195.367-034 provides, in relevant part, that the person "[v]isits individuals in homes or attends group meetings …" and "[m]ay care for children in client's home during client's appointments[,]" and "[m]ay accompany handicapped individuals to appointments." As generally performed, therefore, the former job (which the VE testified plaintiff could still do) includes only a possibility of driving, whereas the latter job (which the VE ruled out for plaintiff) definitively requires driving. Interestingly, plaintiff testified at the hearing that she had driven herself there that day and that, within the previous year, she had driven herself distances as long as 65 miles. (TR at 112.) There is, therefore, substantial evidence to support a conclusion that plaintiff could still perform the job of case worker.

Plaintiff is essentially arguing here that there is a conflict between the VE's testimony and the DOT classification and, therefore, the ALJ's determination that she could "perform her

past relevant work as a case worker as generally performed[]" (TR at 97) was not supported by substantial evidence.

"When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any potential conflict between that VE or VS evidence and information provided in the DOT." Social Security Ruling (SSR) 00-4P, 2000 WL 1898704, at *4 (Dec. 4, 2000). The ALJ's duty in this regard is "satisfied if he or she asks the VE whether his or her testimony is consistent with the DOT." *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013) (citation omitted). "Any further investigation as to the accuracy of the VE's testimony 'falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE' during the administrative hearing." *Klein v. Comm'r of Soc. Sec.*, Case No. 3:14-cv-78, 2015 WL 4550786, at *4 (S.D. Ohio Mar. 24, 2015 (quoting *Beinlich v. Comm'r of Soc. Sec.,* 345 F. App'x 163, 168 (6th Cir. 2009)).

The ALJ asked the VE whether her testimony was "consistent with the information found in the Dictionary of Occupational Titles and it's [sic] companion publication Selected Characteristics of Occupations defined in the revised DOT[.]" (TR at 132.) The VE answered that it was consistent, except for the fact that the DOT "does not address the sit, stand option[,]" but that she was "familiar with social services work and medical facilities, nursing homes, community agencies, probation, that type of thing." (*Id.*) This satisfied the ALJ's duty to inquire and shifted the burden to plaintiff to point out any apparent conflict.

But, just as with the alleged misclassification above, plaintiff did not point out any such conflict when immediately given an opportunity to question the VE following the VE's exchange with the ALJ. The only question raised by counsel was: "With the case worker job, if she didn't return to her previous employment [at Catholic Charities/Parmadale] would it require a change in

her work setting?" (TR at 132.) The VE answered that "the work setting would change[,]" and she "could look at going into a nursing home, a hospital, a counseling agency, a community agency to be a social worker or a case aide or whatever title[.]" (*Id*. at 133.) The VE noted that, the classification was about "a body of knowledge … a knowledge based skill that you're working with." (*Id.*) Clearly, plaintiff raised no challenge to the classification itself or to the VE's determination that plaintiff was capable of performing that job classification.

The Court concludes that there is substantial evidence to support the Commissioner's ruling.

### IV. CONCLUSION

For the reasons set forth herein, plaintiff's objections are overruled and the R&R's recommendation is accepted. The Commissioner's decision is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs.

**IT IS SO ORDERED**.

Dated: March 11, 2016

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**